UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| James Oakes,<br><br>        Plaintiff,<br><br>  v.<br><br>Rokfi, LLC<br><br>        Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

**INTRODUCTION**

1. Like most Americans, James Oakes ("James") has a mobile residential telephone.

2. Being mobile, James takes this phone everywhere. James uses this phone to receive and make important calls, to get emergency information, and to receive and send text messages to family members and friends. James uses this phone regularly for personal enjoyment.

3. But James' privacy and phone are both invaded by relentless calls from Rokfi, LLC ("Rokfi").

4. James has no relationship with Rokfi, has no account with Rokfi, has never provided any phone number to Rokfi, and has never consented to the company sending any type of communication.

5. James has tried to eliminate the harassment and invasion of privacy from unauthorized calls by registering on the National Do Not Call Registry ("DNCR"), but even that did not work.

6. Rokfi simply blasts calls without caring if consent was obtained or if the recipient was on the DNCR.

7. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively

1

sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

8. James brings this action for himself and for other similarly situated people in the United States to enjoin these abusive practices, and for damages.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District.

## PARTIES

11. Plaintiff James Oakes is a resident of Maricopa County, Arizona.

12. Defendant Rokfi, LLC is a limited liability company with its principal place of business in Great River, Suffolk County, New York.

## FACTUAL ALLEGATIONS

13. James' privacy and phone have been invaded by the non-emergency telemarketing calls from Rokfi.

14. James is the residential subscriber of the cell phone number 480-540-4814. James uses this number for personal use. James uses this phone number in his home. James makes and takes 100% of his personal calls on this phone number.

15. James registered 480-540-4814 on the DNCR to stop telephone solicitations on April 16, 2022.

16. Rokfi has knowingly and willfully called James many times, even after being told to stop.

17. On July 6, 2022, James received a call from 480-674-1343. The caller said they were with ROK Financial.

18. On July 11, 2022, James received a call from 480-856-6692. The caller said they were with ROK Financial.

19. James told Rokfi to stop calling. However, they did not. Instead, they continued to call.

20. On July 12, 2022, James received a call from 480-864-5879. The caller said they were with ROK Financial.

21. On the July 12th call, James asked for more information for the sole purpose of understanding who was spamming him. The caller provided James with the website Rokfinancial.com. When going to this website, it redirects to rok.biz.

22. Rok.biz is owned and controlled by Rokfi, LLC.

23. Additionally, ROK Financial is an assumed name of Rokfi, LLC.

24. Rokfi initiated and made these calls as evidenced by the fact that every time James answered, the person calling said they were with Rok Financial and the website provided by the caller was Rokfi's website.

25. Rokfi uses a different phone number each time they initiate and make a new call. They do this to avoid getting blocked. This is not something a legitimate telemarketer with consent does.

26. James never provided 480-540-4814 to Rokfi, never had a relationship with Rokfi, and never gave permission to Rokfi to send any type of communication.

27. Rokfi is in the business of providing loans.

28. On the calls, Rokfi tried to ask James questions to see if he would be interested in and/or qualify for a loan.

29. These calls were made for the purpose of encouraging the purchase of loans.

30. The calls were made using an Automatic Telephone Dialing System ("ATDS"), and/or an artificial or prerecorded voice message. This is based on the following facts:

    i. the calls were not direct to James;

    ii. the calls were made from many different numbers to avoid getting blocked;

    iii. Rokfi placed many calls to James even after being told to stop;

    iv. On information and belief, the number was scraped from the internet;

3

      v.      James never provided his number to Rokfi; and

      vi.      the phone numbers spammed by Rokfi appear to be randomly or sequentially produced not from information consensually provided to Rokfi, but from bots, public data sources, or some other means.

31. On information and belief, Rokfi initiates and makes tens of thousands of similar calls to thousands of people.

32. These calls have caused James frustration, stress, anxiety, and worry about scammers. The calls cause James to avoid looking at his phone when it may be important. The calls reduce the storage and battery life on James' phone. The calls dimmish the value of James' phone and James' enjoyment of life. In short, the calls invade James' privacy and cause a nuisance, an annoyance, and an intrusion into James' seclusion.

## LEGAL STANDARD

33. **Autodialed Calls**. The TCPA provides that no person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); see also 47 C.F.R. §64.1200(a)(1). If the call "introduces an advertisement or constitutes telemarketing," then "prior express written consent" is required. 47 C.F.R. § 64.1200(a)(2).

34. **Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

35. **Internal Do Not Call List**. Before making a call, telemarketers must have a procedure in place that includes at least the following: (1) having a written policy relating to a do-not-call list; (2) training personnel engaged in telemarketing on the existence and use of the

do-not-call list; (3) recording and disclosing do-not-call requests; and (4) maintaining do-not-call lists. 47 C.F.R. § 64.1200(d)(1)-(7).

36. When a person asks for calls to stop, the telemarketer "must record the request and place the subscriber's name, if provided, and telephone number on the do not call list at the time the request is made." 47 C.F.R. § 64.1200(d)(3).

37. The telemarketer "must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." *Id.*

## CLASS ACTION ALLEGATIONS

38. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself, and three Classes of persons similarly situated in order to remedy the ongoing unlawful business practices alleged herein and to seek redress on behalf of all those persons who have been harmed thereby, including injunctive relief.

39. Class Definitions. Plaintiff proposes the following Classes:

**The Automated Calls Class**
All people in the United States who (1) within four years prior to the filing of this action, (2) Defendant sent a text message to their cellular telephone, (3) using the same equipment or type of equipment utilized to send text messages to Plaintiff.

**The Do Not Call Class**
All people in the United States who (1) within the four years prior to the filing of this action, (2) Defendant sent more than one telephone solicitation within any 12-month period, (3) to their residential cellular telephone number, (4) while listed on the national Do Not Call Registry.

**The Internal DNC Class**
All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call (2) directed to a number assigned to a cellular telephone service, (3) for which Defendant did not have a proper Internal Do Not Call List prior to making the call or did not timely honor a do not call request, (4) four years from the filing of this action through the date of class certification.

40. A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

41. If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members predominate over any questions affecting only individual class members. *Id*. Second, a plaintiff must demonstrate class action is superior to other available methods for adjudicating the controversy.

42. **Numerosity**. A proposed class satisfies the numerosity requirement if class members are so numerous that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold. In general, courts find the numerosity requirement satisfied when a class includes at least forty members. Here, the Classes are so numerous that joinder of all members would be impracticable. The exact size of the Classes and the identity of the members are readily ascertainable from business records and likely number in at least the thousands.

43. **Commonality**. A proposed class satisfies Rule 23's commonality requirement if there is at least one question of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a common contention such that the determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. The Supreme Court has said the word question in Rule 23(a)(2) is a misnomer: What matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.

44. There are questions of law and fact common to the proposed Classes. These questions include, inter alia:

    i. Did they receive a text from Defendant?

    ii. Was the number texted registered on the Do Not Call Registry?

  iii. Did Defendant use an Automatic Telephone Dialing System ("ATDS")?

  iv. Were the text messages for an emergency purpose?

  v. Were the actions willful or knowing?

  45. **Typicality**. A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose, or the relief sought. Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

  46. Plaintiff's claims herein are typical of those of the Classes he seeks to represent. Plaintiff's and the Class members' claims arise from the same conduct of Defendant: text message sent to people on the DNC registry, with no identification of the sender, and sent using an ATDS without express written consent.

  47. **Adequacy of Representation**. The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Plaintiff is an adequate representative of the Classes because his interests are common with the interests of the Classes, and he will fairly and adequately protect the interests of the Classes by pursuing this matter. Plaintiff is represented by counsel competent and experienced in TCPA and class action litigation.

  48. **Predominance of Common Questions and Superiority**. A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If

liability can be determined at a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

49.     The questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

50.     Managing this case as a class action should have no significant difficulties. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all class members. For The Automated Calls Class: Did Defendant text a putative class member without authorization using an ATDS? For the DNC Class the question for all members is: Did Defendant text a putative class member who was registered on the DNC registry? For the Failure to Identify Class, the question for all members is:

8

Did Defendant properly identify themselves in the text message? The common answer to these questions will determine Defendant liability. Precedent demonstrates these questions can be litigated on a class wide basis.

## FIRST CAUSE OF ACTION
Violations of 47 U.S.C. § 227(b) & 47 C.F.R. 64.1200(a)
(On Behalf of Plaintiff and the Automated Calls Class)

51. Defendant's use of an ATDS to contact Plaintiff and members of the Automated Calls Class violated 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a).

52. As a result, Plaintiff and members of the Automated Calls Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Because the violation was knowing and willful, the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

54. Plaintiff and members of the Automated Calls Class are also entitled to injunctive relief prohibiting Defendant from using an ATDS when making telemarketing calls without the prior express written consent of the called party.

## SECOND CAUSE OF ACTION
Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(c)
(On Behalf of Plaintiff and the Do Not Call Class)

55. Defendant's telephone solicitations to the residential cellular telephones of Plaintiff, and members of the Do Not Call Class, while on the National Do Not Call Registry constitute a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

56. As a result of the violation of 47 C.F.R. § 64.1200(c), Plaintiff and members of the Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

57. Because the violations were knowing and willful, the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

58. Plaintiff and members of the Do Not Call Class are also entitled to and seek injunctive relief prohibiting Defendant from sending telephone solicitations to phone numbers on the DNCR.

### THIRD CAUSE OF ACTION
Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(d)
(On Behalf of Plaintiff and the Internal DNC Class)

59. Defendant's failure to follow the internal do not call requirements before making calls to Plaintiff and members of the Class constitutes a violation of 47 C.F.R. § 64.1200(d).

60. As a result of Defendant's violation of 47 C.F.R. § 64.1200(d), Plaintiff and members of the Internal Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 C.F.R. § 64.1200(d).

61. Because Defendant knowingly and willfully violated 47 C.F.R. § 64.1200(d), the Court should treble the $500.00 per-call award to $1,500.00 in statutory damages for each violation.

62. Plaintiff and members of the Internal Do Not Call Class are also entitled to and seek injunctive relief prohibiting Defendant from violating the requirements of 47 C.F.R. § 64.1200(d).

### RELIEF REQUESTED

63. Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

   A. Certification of the proposed Classes;

   B. Appointment of Plaintiff as class representative;

   C. Appointment of the undersigned as counsel for the Classes;

   D. An order enjoining Defendant as set forth above.

   E. An award of damages to Plaintiff and the Classes, as allowed by law; and

   F. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

Dated: August 11, 2022                                          Respectfully Submitted,


/s/ *Anna Badalian*
Anna Badalian
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
anna.badalian@lawhq.com

*Attorney for Plaintiff*